1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  EMMA J. ROLLING,                         No.  2:13-cv-1121-JAM-KJN PS

12              Plaintiff,

13       v.                                  ORDER

14  STATE OF CALIFORNIA,
    DEPARTMENT OF INDUSTRIAL
15  RELATIONS, DIVISION OF LABOR
    STANDARDS ENFORCEMENT,
16
                Defendant.
17

18          On April 29, 2013, plaintiff Emma J. Rolling commenced this action for violations of

19  Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Age

20  Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. ("ADEA") against

21  defendant State of California Department of Industrial Relations, Division of Labor Standards

22  Enforcement in the Solano County Superior Court.  (ECF No. 1-1.)  After defendant received a

23  copy of the complaint and summons by certified mail on May 7, 2013, defendant removed the

24  action to this court on June 5, 2013, invoking the court's federal question subject matter

25  jurisdiction.  (ECF No. 1.)[1]

26  ////

27  ───────────────────
    [1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28
28  U.S.C. § 636(b)(1).

                                                1

1   Presently pending before the court is defendant's motion to dismiss plaintiff's complaint

2   pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief

3   can be granted.  In the alternative, defendant moves for a more definite statement pursuant to

4   Federal Rule of Civil Procedure 12(e) and to strike certain portions of and/or addenda to

5   plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(f).  (ECF No. 9.)

6   Defendant's motions were filed on June 12, 2013, and noticed for hearing on July 18, 2013.  (Id.)

7   Plaintiff filed two oppositions to defendant's motions on June 28, 2013, and July 1, 2013,

8   respectively.  (ECF Nos. 12, 13.)  Thereafter, on July 8, 2013, defendant filed a reply brief.  (ECF

9   No. 14.)

10   At the July 18, 2013 hearing, plaintiff appeared and represented herself, and Michael

11   Drayton appeared on behalf of defendant.  After considering the parties' briefing, the oral

12   argument at the hearing, and the applicable law, the court grants defendant's motion to dismiss

13   with leave to amend, and denies as moot the motion for a more definite statement and the motion

14   to strike.

15   BACKGROUND

16   Plaintiff's complaint is comprised of a California Judicial Council form complaint for

17   claims founded upon a contract.  (ECF No. 1-1.)  Although the form complaint itself contains

18   little in the form of factual allegations, plaintiff attached to the form complaint over 80 pages of

19   exhibits, which consist of plaintiff's administrative charge of discrimination and right-to-sue

20   letters, as well as miscellaneous other "introductions," summaries, performance evaluations, work

21   documentation, leave balance audits, letters, charts, e-mails, etc.  (Id.)  Many of these exhibits

22   appear to have little obvious relevance to plaintiff's claims in this litigation, with some potentially

23   relevant facts scattered throughout the exhibits.  Given the composition of plaintiff's complaint, it

24   is somewhat difficult to ascertain the exact factual allegations in support of plaintiff's claims.

25   Liberally construed, and aided by the attached administrative charge of discrimination,

26   plaintiff's complaint appears to allege that plaintiff, who worked for defendant as a deputy labor

27   commissioner, received an essentially unfavorable performance evaluation on April 21, 2011.  At

28   that time, plaintiff was informed by her supervisor, Lola Beavers, a senior deputy labor

2

1   commissioner, that plaintiff's annual merit increase was being denied because plaintiff allegedly

2   let the statute of limitations as to two of her assigned cases expire.  However, plaintiff claims that

3   she was discriminated against because of her African American race and in retaliation for her

4   participation in certain protected activities (in violation of Title VII), and because of her age (in

5   violation of the ADEA).  According to plaintiff's administrative charge of discrimination, other

6   deputy labor commissioners outside of her protected class received merit increases even though

7   they had allowed cases to expire.  (ECF No. 1-1 at 13.)  In other scattered portions of the exhibits,

8   plaintiff also suggests that she was denied certain promotions or transfers; she believes that she

9   was retaliated against for refusing to testify against a co-worker; her supervisor at times

10  mentioned the benefits of retiring early; and her supervisor often made disparaging remarks about

11  Caltrans employees, where plaintiff had previously worked.  (See, e.g., ECF No. 1-1 at 20, 22, 27,

12  81.)  Plaintiff apparently retired on November 2, 2011.  (ECF No. 1-1 at 20.)

13          Based on the foregoing, plaintiff filed the above-mentioned administrative charge of

14  discrimination with the California Department of Fair Employment and Housing ("DFEH") and

15  the United States Equal Employment Opportunity Commission ("EEOC") on or around July 15,

16  2011.  (ECF No. 1-1 at 13.)  On July 18, 2011, DFEH issued a right-to-sue letter, indicating that

17  EEOC would be processing plaintiff's charge and that the deadline for filing a civil action would

18  be tolled during the EEOC's investigation of the charge.  (ECF No. 1-1 at 12.)  Thereafter, on

19  February 8, 2013, the EEOC issued a right-to-sue letter, stating in part:

20                  The EEOC issues the following determination:  Based upon its
                    investigation, the EEOC is unable to conclude that the information
21                  obtained establishes violations of the statutes.  This does not certify
                    that the respondent is in compliance with the statutes.  No finding is
22                  made as to any other issues that might be construed as having been
                    raised by this charge.
23

24  (ECF No. 1-1 at 16.)  The EEOC's letter advised plaintiff that a lawsuit based on her Title VII

25  and ADEA claims had to be filed within 90 days of her receipt of the letter.  (Id.)

26          As noted above, plaintiff then commenced this action in state court on April 29, 2013,

27  whereupon the action was removed by defendant to this court.  The instant motions by defendant

28  followed.

3

1   DISCUSSION

2       Motion to Dismiss

3       A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

4   challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase

5   Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

6   of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

7   plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see

8   also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss,

9   a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

10   is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.

11   Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

12   factual content that allows the court to draw the reasonable inference that the defendant is liable

13   for the misconduct alleged."  Id.

14       In considering a motion to dismiss for failure to state a claim, the court accepts all of the

15   facts alleged in the complaint as true and construes them in the light most favorable to the

16   plaintiff.  Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not,

17   however, required to accept as true conclusory allegations that are contradicted by documents

18   referred to in the complaint, and [the court does] not necessarily assume the truth of legal

19   conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at

20   1071.  The court must construe a pro se pleading liberally to determine if it states a claim and,

21   prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity

22   to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez v.

23   Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police

24   Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed,

25   particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342

26   & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when

27   evaluating them under the standard announced in Iqbal).

28   ////

                                                          4

1    In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally

2    consider only allegations contained in the pleadings, exhibits attached to the complaint, and

3    matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506

4    F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court may not

5    consider a memorandum in opposition to a defendant's motion to dismiss to determine the

6    propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194,

7    1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding

8    whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir.

9    2003).

10    With these principles in mind, the court now turns to plaintiff's specific claims.

11    *Race Discrimination in Violation of Title VII*

12    In this case, plaintiff, an African American, ostensibly claims that she was denied a merit

13    pay increase and promotions/transfers based on her race.

14    42 U.S.C. § 2000e-2 provides, in part, that it "shall be an unlawful employment practice

15    for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to

16    discriminate against any individual with respect to his compensation, terms, conditions, or

17    privileges of employment, because of such individual's race…or (2) to limit, segregate, or

18    classify his employees or applicants for employment in any way which would deprive or tend to

19    deprive any individual of employment opportunities or otherwise adversely affect his status as an

20    employee, because of such individual's race…."  42 U.S.C. § 2000e-2(a).

21    Although its formulation differs somewhat depending on the factual context, "[t]he

22    elements of a prima facie discrimination case require that: (1) plaintiff is a member of a protected

23    class; (2) plaintiff performed his or her job satisfactorily; (3) plaintiff suffered an adverse

24    employment action; and (4) plaintiff was treated less favorably than a similarly situated, non-

25    protected employee.  Adams v. Vivo Inc., 2012 WL 3156812, at *4 (N.D. Cal. Aug. 3, 2012)

26    (unpublished) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)); Surrell v.

27    California Water Serv. Co., 518 F.3d 1097, 1105-06 (9th Cir. 2008).  As another California

28    federal district court explained:

While a plaintiff in a Title VII employment discrimination case must comport with Rule 8's pleading requirements as refined in *Twombly* and *Iqbal*, this does not mean the plaintiff must *prove* its prima facie discrimination case at the pleading stage. *See, e.g., Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (reversing dismissal of employment discrimination claim at pleading stage where district court found plaintiff failed to plead a *McDonnell Douglas* prima facie case). *See also Twombly*, 550 U.S. at 569-70 (acknowledging that, in light of *Swierkiewicz*, "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"). This is because the *McDonnell Douglas* prima facie showing is an evidentiary standard, not a pleading requirement; it relates to an employee's burden of presenting evidence that raises an inference of discrimination. *Swierkiewicz*, 534 U.S. at 512-13. The question at the pleading stage is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims. What the plaintiff must do is "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id. See also Williams v. Boeing Co.*, 517 F.3d 1120, 1130 (9th Cir. 2008) ("Even though heightened pleading is not required in discrimination cases, the complaint must still 'give the defendant fair notice....'" (*quoting Swierkiewicz*, 534 U.S. at 512)). Even post *Twombly* and *Iqbal*, a plaintiff need not supply specific evidence adequate to withstand the four-part *McDonnell Douglas* test; what he or she *must* do is allege facts that state a facially plausible Title VII claim.

Kuang-Bao Ou-Young v. Potter, 2011 WL 9113, at *2 (N.D. Cal. Jan. 3, 2011) (unpublished);

Adams, 2012 WL 3156812, at *4.

Here, plaintiff's complaint notes that she is a member of a protected class (African American) and that she suffered an adverse employment action (having been denied a merit pay increase and some promotions/transfers). However, as currently pled, the allegations of plaintiff's complaint are too vague to support a causal connection that the adverse employment action was "because of [her] race." 42 U.S.C. § 2000e-2(a).

As an initial matter, even though plaintiff's complaint contains scattered references to promotions or transfers that she was allegedly denied, she fails to provide sufficient information regarding the specific type of position(s) involved, when she applied for the position(s), when and how she was informed of the denial, etc. Plaintiff's complaint must at least provide defendant with fair notice of the specific promotions/transfers that plaintiff claims she was denied.

Furthermore, plaintiff fails to adequately allege that she was performing her job satisfactorily, and that she was qualified for the merit pay increase and the promotions/transfers.

1   In her administrative charge of discrimination, plaintiff indicated that her supervisor's stated

2   reason for denying plaintiff's merit increase was that plaintiff had allowed the statute of

3   limitations with respect to two of her cases to expire.  (ECF No. 1-1 at 13.)  The April 21, 2011

4   performance evaluation, attached to plaintiff's complaint, also stated, in part:

5           Your quality and quantity of work is below standard.  Your work is
            frequently inaccurate and contains errors, which is evidenced in
6           your written communications.  You need to review your work
            before submitting as some of the errors are careless and can easily
7           be corrected.  Your overall work does not demonstrate you have a
            clear understanding of the State prevailing wage laws.  You must
8           review all of your cases on a regular basis, plan and take
            appropriate action on each of your cases.  If you don't understand
9           the next course of action, take notes as it relates to your
            investigation or in the completion of your audit and schedule time
10          with me so I can provide you with guidance and direction.

11  (ECF No. 1-1 at 36-38.)  Plaintiff no doubt disputes these contentions,[2] and while plaintiff need

12  not successfully rebut them or even offer controverting evidence in the early pleadings stage of

13  this case, plaintiff must at a minimum provide some basic facts showing that she was performing

14  her job satisfactorily and was qualified for the merit increase and promotions/transfers.

15          Additionally, although plaintiff states that certain other employees, outside of plaintiff's

16  protected class, received merit increases despite having allowed cases to expire, plaintiff provides

17  insufficient information from which the court can infer that the other individual employees were

18  similarly situated.  For example, it is unclear whether the other individuals allowed the statute of

19  limitations to expire in a similar number of cases, what the circumstances of the expirations were,

20  etc.  Again, while exhaustive detail is not required at the pleadings stage, plaintiff must allege at

21  least a minimum amount of facts necessary to show that defendant treated similarly situated, non-

22  African American employees differently.

23  _____

24  [2] Defendant suggests that plaintiff cannot allege that her performance met her employer's
    legitimate expectations, because she purportedly acknowledged in the charge of discrimination
    that she let the statute of limitations expire as to two of her cases.  However, plaintiff's charge of
25  discrimination does not necessarily concede those facts – it merely states that that was her
    *supervisor's* stated reason for denial of the merit increase.  Indeed, some of the exhibits to
26  plaintiff's complaint appear to dispute that she let the statute of limitations in those cases expire,
    or at least disputes the circumstances surrounding the expirations.  (ECF No. 1-1 at 79.)
27  Therefore, the court cannot at this juncture definitively conclude that plaintiff cannot allege
    satisfactory job performance.
28

7

For these reasons, plaintiff's complaint lacks facial plausibility, because it does not contain sufficient factual allegations from which a reasonable inference can be drawn that defendant engaged in race discrimination.  The court therefore dismisses plaintiff's Title VII claim for race discrimination, but with leave to amend.

<em><u>Retaliation in Violation of Title VII</u></em>

The basis for plaintiff's retaliation claim appears to be that defendant retaliated against plaintiff based on her refusal to testify in a disciplinary action taken against another co-worker, who had previously somehow offended plaintiff and other employees.  (ECF No. 1-1 at 26.)

Title 42 U.S.C. § 2000e-3 states, in part, that it "shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment… because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).  "The elements of a prima facie retaliation claim are, (1) the employee engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action."  <u>Davis v. Team Elec. Co.</u>, 520 F.3d 1080, 1093-94 (9th Cir. 2008).

Defendant first contends that plaintiff failed to properly allege that she engaged in a protected activity.  In conclusory fashion, and without citation to any authority, defendant asserts that plaintiff's complaint "does not indicate that her refusal to testify was a protected activity under Title VII."  (ECF No. 9 at 9.)  While 42 U.S.C. § 2000e-3(a) expressly refers to retaliation based on an employee's testimony in a Title VII proceeding, the statute does not directly address whether an employee's *refusal to testify* in a disciplinary proceeding against another co-worker constitutes a protected activity.  Nevertheless, in the absence of thorough briefing concerning the issue, it is by no means obvious that plaintiff's refusal to testify was not a protected activity under Title VII.  It is defendant's burden, on its motion to dismiss, to point the court to relevant case law and other authority in support of its interpretation and argument.  Because defendant provided no such authority, the court declines to find, for purposes of the present motion to dismiss, that

8

1 plaintiff's claim is deficient on that basis.

2      Nevertheless, the court agrees that plaintiff has not presently alleged facts, beyond her

3 conclusory opinion, to support a plausible causal link between a protected activity and an adverse

4 employment action.  Assuming, for purposes of this motion, that plaintiff's refusal to testify

5 against the co-worker constituted a protected activity, plaintiff does not identify any statements or

6 specific conduct by defendant that suggests that the denial of her merit pay increase or

7 promotions/transfers were based on her refusal to testify.  In one of the exhibits to her complaint,

8 plaintiff states that she informed the state's attorney that she was not comfortable testifying

9 against her co-worker, and that plaintiff shortly thereafter received an e-mail from the state's

10 attorney, indicating that there was no need for her to testify in any event because the

11 administration had settled with the co-worker.  (ECF No. 1-1 at 26.)  In short, if plaintiff wishes

12 to pursue a claim for retaliation based on her failure to testify against the co-worker, she must

13 allege specific facts supporting a causal connection, if she can do so in good faith in accordance

14 with Federal Rule of Civil Procedure 11.

15      Furthermore, although plaintiff's July 15, 2011 filing of an administrative charge of

16 discrimination constitutes a protected activity for purposes of Title VII, defendant correctly

17 contends that there cannot be a causal connection between the filing of that charge and the April

18 21, 2011 denial of a merit pay increase, given that the adverse employment action (the denial of

19 the merit increase) preceded the protected activity (the filing of the charge).

20      In light of these deficiencies, the court dismisses plaintiff's claim for retaliation under

21 Title VII, but with leave to amend.

22                    *Age Discrimination in Violation of the ADEA*

23      Liberally construed, plaintiff's complaint alleges that she was denied a merit pay increase

24 and promotions/transfers based on her age.  Plaintiff was born on August 8, 1947.  (ECF No. 1-1

25 at 13.)

26      Under the ADEA it "shall be unlawful for an employer – (1) to fail or refuse to hire or to

27 discharge any individual or otherwise discriminate against any individual with respect to his

28 compensation, terms, conditions, or privileges of employment, because of such individual's age;

1    (2) to limit, segregate, or classify his employees in any way which would deprive or tend to

2    deprive any individual of employment opportunities or otherwise adversely affect his status as an

3    employee, because of such individual's age…." 29 U.S.C. § 623(a)(1)-(2). Although its exact

4    formulation again depends on the factual context of the case, the elements of a prima facie case of

5    disparate treatment based on age require that: (1) plaintiff was at least 40 years of age at the time

6    of the disparate treatment; (2) plaintiff performed his or her job satisfactorily and/or was qualified

7    for a promotion or other benefit; (3) plaintiff suffered an adverse employment action; and (4) the

8    promotion or other benefit was given to a substantially younger person. Reeves v. Sanderson

9    Plumbing Prods., Inc., 530 U.S. 133, 142 (2000); Shelley v. Geren, 666 F.3d 599, 608 (9th Cir.

10   2012). The plaintiff must show that "age was the but-for cause of the employer's adverse action."

11   Shelley, 666 F.3d at 607.

12         For the same reasons discussed above with regards to plaintiff's race discrimination claim

13   under Title VII, plaintiff fails to adequately allege facts, as opposed to mere conclusory

14   statements, showing that she was performing her job satisfactorily, and that she was qualified for

15   the merit pay increase and promotions/transfers.

16         Additionally, plaintiff's complaint does not contain enough facts from which the court

17   could reasonably infer that the promotions, transfers, or other benefits denied to plaintiff were

18   given to substantially younger persons. As noted above, plaintiff provides only vague and

19   scattered details regarding the promotions or transfers that she was allegedly denied – she fails to

20   provide sufficient information regarding the specific type of position(s) involved, when she

21   applied for the position(s), when and how she was informed of the denial(s), etc. Moreover,

22   plaintiff fails to allege facts showing that a substantially younger individual with equal or lesser

23   qualifications received the promotions or transfers at issue, a crucial element of plaintiff's age

24   discrimination claim. Furthermore, to the extent that plaintiff bases her age discrimination claim

25   on the denial of her merit pay increase, plaintiff also fails to provide facts suggesting that other

26   substantially younger employees were given a merit increase under similar circumstances.

27         Although plaintiff also suggests that her supervisor questioned her regarding her projected

28   retirement date and mentioned the benefits of early retirement (ECF No. 1-1 at 22), these facts in

1    themselves are not necessarily indicative of age discrimination.  For example, the supervisor may

2    have inquired as to plaintiff's expected retirement date for purposes of making hiring or

3    budgetary decisions.

4           For these reasons, the court dismisses plaintiff's age discrimination claim under the

5    ADEA, but with leave to amend.[3]

6                              _Leave to Amend_

7           In accordance with the above discussion, the court dismisses plaintiff's complaint, but

8    with leave to amend to assert the following three claims against defendant State of California

9    Department of Industrial Relations, Division of Labor Standards Enforcement: (1) race

10   discrimination in violation of Title VII; (2) retaliation in violation of Title VII; and (3) age

11   discrimination in violation of the ADEA.  Any amended complaint shall be filed within 30 days

12   of this order, shall be captioned "First Amended Complaint," and shall address the specific

13   deficiencies discussed in this order.

14          In addition to addressing the above-mentioned substantive deficiencies by alleging

15   sufficient facts in support of each claim, plaintiff shall also use her best efforts to file a first

16   amended complaint that complies with the Federal Rules of Civil Procedure.

17          In particular, Federal Rule of Civil Procedure 8 requires that a pleading contain "a short

18   and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

19   8(a).  Thus, the federal rules contemplate brevity.  See Fed. R. Civ. P. 84.  Claims must be set

20   forth in short and plain terms, simply, concisely, and directly.  See Swierkiewicz v. Sorema N.A.,

21   534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which

22   was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8(d)(1) ("Each

23

24   _____
     [3] For the first time in its reply brief, defendant suggests in a single paragraph that plaintiff's
25   ADEA claim is barred by the Eleventh Amendment to the United States Constitution.  However,
     a state's voluntary removal of an action to federal court generally waives Eleventh Amendment
26   immunity.  Embury v. King, 361 F.3d 562, 566 (9th Cir. 2004).  In light of the fact that defendant
     does not address this authority or provide any extensive reasoning for its argument regarding
27   Eleventh Amendment immunity, and because plaintiff has not had an opportunity to respond in
     writing to this argument made for the first time in defendant's reply brief, the court declines to
28   resolve the issue at this juncture.

allegation must be simple, concise, and direct.")  In accordance with Federal Rule of Civil Procedure 10, plaintiff shall also endeavor to state her three claims (race discrimination in violation of Title VII, retaliation in violation of Title VII, and age discrimination in violation of the ADEA) in three separate counts (i.e., in three separate sections of the complaint), with factual allegations pertaining to each claim set forth in the section of the complaint dealing with the particular claim.

A complaint must not contain lengthy introductions, argument, speeches, explanations, stories, griping, evidence, summaries, charts, notes, e-mails, and the like.  McHenry v. Renne, 84 F.3d 1172, 1176-78 (9th Cir. 1996) (affirming dismissal of complaint for violation of Rule 8 after warning).  This is because the complaint must only set forth the *alleged facts* in support of plaintiff's claims and need not include any documentary evidence, which may be presented at a later point in the case.  While plaintiff may attach some limited, relevant exhibits to her complaint, such as the administrative charge of discrimination and right-to-sue letters, plaintiff shall not attach evidentiary material (e.g. work records, e-mails, charts etc.) or other irrelevant documents.[4]  Importantly, defendant and the court should be able to understand plaintiff's claims and the facts in support of those claims from reading the main body of plaintiff's first amended complaint, and without having to review numerous exhibits to the complaint.

Plaintiff is informed that the court cannot refer to a prior complaint in order to make plaintiff's first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint, and once the amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file an amended complaint.  If plaintiff determines that she is unable to amend her complaint in compliance with the court's order and Federal Rule of Civil Procedure 11, she may alternatively file a notice of voluntary dismissal of

---

[4] For example, if an evidentiary document (such as an e-mail) contains an important fact, plaintiff should attempt to include that fact in her allegations as part of the main body of the complaint, instead of attaching the entire document to the complaint as an exhibit.

1   her claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 30

2   days.

3         Motion for a More Definite Statement and Motion to Strike

4         Because the court grants defendant's motion to dismiss with leave to amend, the court

5   denies defendant's motion for a more definite statement and motion to strike as moot.

6   CONCLUSION

7         Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

8       1.   Defendant's motion to dismiss (ECF No. 9) is GRANTED.

9       2.   Plaintiff's complaint is DISMISSED with LEAVE TO AMEND.

10       3.   Plaintiff shall file any amended complaint in accordance with this order within 30

11          days.  Alternatively, plaintiff may file a notice of voluntary dismissal of her claims

12          without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 30

13          days.

14       4.   Failure to file either an amended complaint or a notice of voluntary dismissal within

15          30 days of this order may result in a recommendation that the action be dismissed with

16          prejudice pursuant to Federal Rule of Civil Procedure 41(b).

17       5.   Defendant shall respond to the amended complaint within 30 days after it is filed.

18       6.   Defendant's motion for a more definite statement and motion to strike (ECF No. 9) are

19          DENIED AS MOOT.

20         IT IS SO ORDERED.

21   Dated:  July 19, 2013

22

23   KENDALL J. NEWMAN
      UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28